# IN THE UNITED STATES DISTRICT
# FOR THE MIDDLE DISTRICT OF GEORGIA
# MACON DIVISION

| | | |
|---|---|---|
| ARA F. KALPAK and | : | |
| DOLORES F. KALPAK, | : | |
| | : | |
| Plaintiffs, | : | |
| | : | |
| v. | : | 3:11-cv-49 (CAR) |
| | : | |
| EMC MORTGAGE CORPORATION, | : | |
| | : | |
| Defendant. | : | |

## ORDER ON DEFENDANT'S MOTION TO DISMISS

Currently before the Court are Defendant EMC Mortgage Corporation's Motion to Dismiss [Doc. 8] and *pro se* Plaintiffs' "Amended Complaint" [Doc. 13]. Plaintiffs, however, may only amend their Complaint with leave from this Court. Thus the Court construes Plaintiffs' "Amended Complaint" as a Motion to Amend Complaint. Having considered the purported amendments and applicable law, the Court **DENIES** Plaintiffs' Motion to Amend Complaint [Doc. 13] as futile.

Turning to Defendant's Motion to Dismiss, having considered Plaintiffs' response[1] to the Motion [Doc. 11] and the applicable law, the Court concludes Plaintiffs' Complaint [Doc. 1] fails to state a claim upon which relief may be granted and **GRANTS** Defendant's Motion to Dismiss [Doc. 8]. Thus, the Court **DISMISSES** Plaintiffs' Complaint as set forth herein. As a result, Plaintiffs' Motion for Default Judgment [Doc. 5] is **MOOT**.

---

[1] Plaintiffs entitled this document "Plaintiffs Affidavit to Strike Defendants Answer," but it is actually a response to Defendant Motion to Dismiss and has been construed accordingly.

1

## BACKGROUND

Plaintiffs' Complaint is difficult, at best, to comprehend, as it is largely comprised of legal conclusions and incomprehensible and irrelevant legal theories. It appears that any relevant claims arise from a mortgage on Plaintiffs' property located at 1201 Sugar Run, Greensboro, GA that Defendant sought to foreclose. Plaintiffs assert that the foreclosure proceeding initiated by Defendant was unlawful and that Defendant should thus be held liable for damages. From the scant facts provided and after deciphering what reads like an unedited and largely incomprehensible legal treatise, the Court has identified three claims that merit discussion: (1) a "produce the note" claim wherein Plaintiffs assert that Defendant must produce the "Genuine Original Promissory Note" for their loan before commencing foreclosing proceedings; (2) a "vapor money" claim wherein Plaintiffs assert that Defendant illegally lent Plaintiffs credit and is therefore without authority to foreclose on their property; and (3) a fraud claim wherein Plaintiffs assert they were defrauded into signing the promissory note due to Defendant's use of "legalese" in the mortgage paperwork, thereby making it impossible for Plaintiffs to understand the full ramifications of their mortgage agreement.[2] The Court discusses each in turn below.

## DISCUSSION

A. <u>Rule 12(6)(b) Motion to Dismiss Standard</u>

In considering dismissal of a complaint under Rule 12(b)(6) of the Federal Rules of Civil Procedure, a district court must accept the allegations set forth in the complaint as true and construe facts in the light most favorable to the plaintiff. See <u>Kirby v. Siegelman</u>, 195 F.3d 1285, 1289 (11th Cir. 1999) (*per curiam*). However, the court is not required to accept the plaintiff's conclusions of

---

[2] In the Complaint, Plaintiffs assert other claims including barratry, conversion, and perjury but provide absolutely no factual basis to support them. Moreover, these claims appear to be irrelevant to any claims that could potentially be actionable. Thus, they do not merit further discussion.

law. Ashcroft v. Iqbal, ___ U.S. ___, 129 S. Ct. 1937, 1949 (2009). "While a complaint attacked by a Rule 12(b)(6) motion to dismiss does not need detailed factual allegations . . . a plaintiff's obligation to provide the grounds of his entitle[ment] to relief requires more than labels and conclusions." Bell Atl. Corp. v. Twombly, 550 U.S. 544, 545 (2007) (internal quotation marks and citation omitted). To be successful in avoiding dismissal, Plaintiff's "[f]actual allegations must be enough to raise a right to relief above the speculative level." Id.

On a motion to dismiss, the Court's function is not to assess the veracity or weight of the evidence; instead, the Court must merely determine whether the complaint is legally sufficient. See Sherman v. Helms, 80 F. Supp. 2d 1365, 1368 (M.D. Ga. 2000). Accordingly, the issue is whether the plaintiff is entitled to present evidence in support of his claims, not whether those claims will ultimately succeed. See Little v. City of N. Miami, 805 F.2d 962, 965 (11th Cir. 1986). Because this standard imposes such a heavy burden on the defendant, Rule 12(b)(6) motions are rarely granted. See Washington v. Dep't of Children & Families, 256 F. App'x 326, 327 (11th Cir. 2007); Beck v. Deloitte & Touche, 144 F.3d 732, 735-36 (11th Cir. 1998).

Furthermore, the Court affords Plaintiffs who are proceeding *pro se*, as Plaintiffs are in this action, wide latitude when construing their pleadings and papers. SEC v. Elliott, 953 F.2d 1560, 1582 (11th Cir. 1992); see also Haines v. Kerner, 404 U.S. 519, 520 (1972) (holding *pro se* complaint "to less stringent standards than formal pleadings drafted by lawyers"). Nevertheless, the court is not required to exempt a *pro se* litigant from complying with the relevant rules of procedure and substantive law. See Wayne v. Jarvis, 197 F.3d 1098, 1104 (11th Cir. 1999), *overruled on other grounds* by Manders v. Lee, 338 F.3d 1304 (11th Cir. 2003); Clark v. Bibb County Bd. of Educ., 174 F. Supp. 2d 1369, 1371 (M.D. Ga. 2001).

3

B. "Produce the Note" Claim

Plaintiffs' assertion that Defendant must produce the original promissory note in order to commence foreclosure proceedings must be dismissed. Plaintiffs assert that unless Defendant produces the original note for both Plaintiffs' and the Court's inspection, Defendant cannot establish itself as an interest holder with the authority to initiate foreclosure proceedings. Courts in this circuit and across the country have summarily rejected these "produce the note" demands. See, e.g., Lefont v. Suntrust Mort., Inc., 2011 WL 679426, * 8 (N.D. Ga., Jan. 27, 2011); Watkins v. Beneficial, HSBC Mortg., 2010 WL 4318898, * 4 (N.D. Ga. Sept. 2, 2010). Indeed, "nothing in Georgia law requires a lender commencing foreclosure proceedings to produce the original note." Watkins, 2010 WL 4318898, * 4 (citing O.C.G.A. § 9-13-140 et seq., O.C.G.A. § 9-13-160 et seq., and O.C.G.A. § 44-14-160 et seq.); see also Watts v. Ocwen Loan Servicing, LLC, 2010 WL 2950791, * 1 (M.D. Ga. July 21, 2010) (rejecting the "produce the note" claim stating, "[t]he Court is aware of no law to that effect."). This Court likewise finds Plaintiffs' claim based on Defendant's failure to produce or record Plaintiffs' original promissory note is without legal merit and hereby **DISMISSES IT WITH PREJUDICE**.[3]

C. "Vapor Money" Claim

The Court also finds that Plaintiffs' "vapor money" claim must be dismissed. Plaintiffs assert that Defendant is a "fictitious payee," that it is not the "real party in interest," that it did not risks its assets, and that it unlawfully "lent credit" to Plaintiffs [Doc. 1 ¶¶24, 2-29]. Plaintiffs are invoking what is widely known as the "vapor money" theory, which holds that since 1933 and the "New Deal," the United States has been bankrupt and lenders have been creating unenforceable

---

[3] Where a plaintiff asserts a claim that completely lacks legal merit and where any amendment would be futile, the Court may dismiss the claim with prejudice. See Johnson v. Deutsche Bank Nat. Trust Co., 2009 WL 2575703, * 1 (S.D. Fla. July 1, 2009).

4

debts because they are lending credit rather than legal tender. The theory was aptly described by one court:

> Plaintiff alleges that the promissory note he executed is the equivalent of 'money' that he gave to the bank. He contends that [the lender] took his 'money,' *i.e.*, the promissory note, deposited it into its own account without his permission, listed it as an 'asset' on its ledger entries, and then essentially lent his own money back to him.... He further argues that because [the lender] was never at risk, and provided no consideration, the promissory note is void *ab initio*, and Defendants' attempts to foreclose on the mortgage are therefore unlawful.

Demmler v. Bank One NA, 2006 WL 640499, *3 (S.D. Ohio Mar. 9, 2006).

Courts both in the Eleventh Circuit and across the country have uniformly rejected claims based on this "vapor money" theory, finding they are not actionable as a matter of law. See, e.g., McGregor v. Wells Fargo Bank, 2011 WL 679435 (N.D. Ga. Jan. 26, 2011); Johnson v. Deutsche Bank Nat. Trust Co., 2009 WL 2575703 (S.D. Fla. July 1, 2009); McLehan v. Mortgage Elec. Registration Sys., 2009 WL 1542929 (E.D. Mich. June 2, 2009). This Court likewise rejects Plaintiffs' frivolous "vapor money" claim and **DISMISSES IT WITH PREJUDICE**.

    D.   Fraud Claim

The Court finds that Plaintiffs' claims for fraud, to the extent that there are any, see, e.g., [Doc. 1 ¶¶ 7, 31, and 38], must be dismissed because Plaintiffs fail to plead the five elements of fraud–(1) a false representation by the defendant, (2) scienter, (3) intention to induce plaintiff to act or refrain from acting, (4) justifiable reliance by plaintiff, and (5) damage to plaintiff–with the specificity required under Georgia law. Stiefel v. Schick, 260 Ga. 638, 639, 398 S.E.2d 194, 195 (1990). A conclusory assertion that a mortgage contract is complex because of the use of legal wording is wholly insufficient. Plaintiffs assert no facts to support Defendant knowingly sought to defraud Plaintiffs by confusing them with complex legal terminology and then inducing them to sign the contract. Moreover, Plaintiffs allege no facts to support any false representation by Defendant

5

or any resulting damage to Plaintiffs.  Plaintiffs make only a conclusory statement that the use of "legalese" in the mortgage contract led them to be defrauded without presenting any facts to substantiate the claim.

Additionally, Plaintiffs' assertions of fraud seem to be related to their belief that Defendant does not possess, or may no longer possess, the original promissory note on the deed to secure the debt.  Plaintiffs' beliefs, however, are unsubstantiated by any allegation of fact and are mere conclusory statements [Doc. 1 ¶¶ 5, 30, 57, and 58].  Such baseless assertions wholly unsupported by facts fail to state a claim for fraud. See Bell Atl. Corp. v. Twombly, 127 S. Ct. 1955, 1965 (2007) ("Factual allegations must be enough to raise a right to relief above the speculative level . . . on the assumption that all of the allegations in the complaint are true (even if doubtful in fact).").  Accordingly, Plaintiffs' fraud claims are hereby **DISMISSED WITHOUT PREJUDICE**.[4]

### E. Amended Complaint

After Defendant filed its Motion to Dismiss, Plaintiffs filed their "Amended Complaint" [Doc. 13].  Under the Federal Rules of Civil Procedure, a party may amend its complaint as a matter of course within 21 days after service of a motion to dismiss pursuant to Rule 12(b).  Fed. R. Civ. P. 15(a)(1)(B).  After 21 days, any amendment must be made with the Court's permission.  Fed. R. Civ. P. 15(a)(2).  Here, Defendant served Plaintiffs with its Rule 12(b)(6) Motion to Dismiss on April 26, 2011.  Plaintiffs, however, did not file their Amended Complaint until June 28, 2011, well outside the 21 day time period in which they could have filed an amended complaint without permission from this Court.  Consequently, Plaintiffs' Amended Complaint must be construed as a Motion to Amend Complaint.

---

[4] Because fraud is a legally cognizable claim for which Plaintiffs could potentially recover, it must be dismissed without prejudice. See Bank v. Pitt, 928 F.2d 1108, 1112 (11th Cir.1991), *overruled on other grounds by* Wagner v. Daewoo Heavy Indus. Am. Corp., 314 F.3d 541, 542 (11th Cir. 2002) (en banc).

Generally, leave to amend "should be freely given where justice so requires." Thomas v. Town of Davie, 847 F.2d 771, 773 (11th Cir. 1991). However, the court may deny leave where there has been "undue delay, bad faith or dilatory motive on the part of the movant, repeated failure to cure deficiencies by amendments previously allowed, undue prejudice to the opposing party by virtue of allowance of the amendment, and *futility of amendment*." Equity Lifestyle Properties, Inc. v. Florida Mowing and Landscape, 556 F.3d 1232, 1241 (2009) (citation and internal quotation marks omitted) (emphasis added). An amendment is futile "when the complaint as amended is still subject to dismissal." Burger King Corp. v. Weaver, 169 F.3d 1310, 1320 (11th Cir. 1999) (citations omitted).

Much like in their original Complaint, Plaintiffs again present a pleading that is largely comprised of legal conclusions and incomprehensible and irrelevant legal theories. Plaintiffs' proposed amendments fail to cure any deficiencies in their original complaint and fail to state any new claim upon which relief may be granted. As discussed above, Plaintiffs' frivolous "vapor money" and "produce the note" claims are not actionable as a matter of law. Moreover, Plaintiffs' allegations of fraud fail to satisfy the pleading requirements for fraud in Georgia. Finally, Plaintiffs' newly asserted allegations that (1) their obligation under the promissory note was discharged because the note was stamped "Pay to the Order of . . . without recourse," (2) they never received a loan, and (3) Defendant committed criminal acts of terrorism and theft are frivolous and nonsensical. For the foregoing reasons, Plaintiff's Motion to Amend Complaint [Doc. 13] is hereby **DENIED** as futile.

F. Response to Motion to Dismiss Claims

In their brief in response to Defendant's Motion to Dismiss, Plaintiffs raise several new claims not found in their original Complaint, including claims for a right to recovery under 18

U.S.C. §§ 1962 and 1964 (Civil RICO), 42 U.S.C. § 1983 (Civil action for deprivation of rights), 42 U.S.C. § 1985 (Conspiracy to interfere with civil rights), 42 U.S.C. § 1986 (Action for neglect to prevent), 18 U.S.C. § 241 (Conspiracy against rights), 15 U.S.C. § 1601 (Congressional findings and declaration of purpose), and 12 C.F.R. § 226.7 (Periodic Statement) [Doc. 11]. Normally, the Court would disregard these new allegations and analyze the Motion to Dismiss under the allegations set forth in the Complaint. See, e.g., Bruhl v. Pricewaterhousecoopers Intl., 2007 WL 997362, * 4 (S.D. Fla. Mar. 27, 2007) (noting plaintiffs may not supplement allegations made in complaint with new allegations made in a response to a motion to dismiss). However, because this case involves *pro se* Plaintiffs, the Court will construe the new allegations as a motion to amend the complaint, which must be denied as futile. See Newsome v. Chatham County Detention Ctr., 256 Fed.Appx. 342, 344 (11th Cir. 2007).

Like their other pleadings, Plaintiffs allege no facts to substantiate any of the required elements of any of the claims asserted in their response. Rather, Plaintiffs spout a litany of conclusory legal statements and quotations, utterly failing to provide any factual information to substantiate a possible claim.

## CONCLUSION

For the foregoing reasons, Plaintiffs' Amended Complaint [Doc. 13], construed as a Motion to Amend Complaint, is **DENIED**; Defendant's Motion to Dismiss [Doc. 8] is **GRANTED**; and Plaintiffs' Complaint is **DISMISSED** as set forth above. As a consequence, Plaintiffs' Motion for Default Judgment [Doc. 5] is **MOOT**.

**SO ORDERED**, this 13th day of June, 2011.

S/ C. Ashley Royal
C. ASHLEY ROYAL, JUDGE
UNITED STATES DISTRICT COURT

SSH/tch